Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5756 | **DATE** | 4/6/2001 |
| **CASE TITLE** | CHET OLINGER vs. CHICAGO TRANSIT AUTHORITY AGENT | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons set forth below Defendant CTA's motion to dismiss [16-1] is denied in part and granted in part. Defendant CTA's motion to dismiss Defendant Doe is denied for the reasons set forth in this opinion. Defendant CTA's motion to dismiss Count II is granted without prejudice but denied as to Count IV. Plaintiff is to amend Count IV within ten (10) days of this Memorandum Opinion and Order. Defendant CTA's motion to dismiss filed 11/13/01 [12-1] is hereby stricken as moot. Defendant's request for attorneys' fees is denied. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | APR 1 2 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 24 |
| | Mail AO 450 form. | ⊕ | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 APR 11 AM 9: 20 | 4/9/2001 date mailed notice | |
| CG courtroom deputy's initials | | Date/time received in central Clerk's Office | CG mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHET OLINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 00 C 5756 |
| v. | ) Judge Ronald A. Guzman |
| | ) |
| CHICAGO TRANSIT | ) |
| AUTHORITY AGENT JANE DOE, and | ) |
| CHICAGO TRANSIT AUTHORITY, | ) DOCKETED |
| | ) |
| | ) APR 1 2 2001 |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending is Defendant's, Chicago Transit Authority ("CTA") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below this motion is denied in part and granted.

## BACKGROUND FACTS

At approximately 4:00 p.m. on June 10, 2000, after departing from a White Sox game at Comiskey Park, the Plaintiff, Chet Olinger, and a friend were in CTA's Green Line 35th Tech Station, located in the City of Chicago. Defendant Chicago Police Officer Davis ("Davis")[1] and CTA agent Jane Doe ("Doe") also were in the station, along with three other police officers and one other CTA agent. In full view of Davis and Doe, Plaintiff put money on his CTA fare card,

---

[1] Officer Davis is no longer a Defendant in this case.

1

then used his card to pass through the gate for CTA"s handicapped passengers.

As soon as Plaintiff walked through the gate, a Chicago Police Officer yelled, "hey get back here". Plaintiff turned, looked back to see what was going on and the Officer yelled, "Yeah you, you are under arrest for not paying your train fare". Plaintiff explained that he had just finished putting money on his card, paid his fare, and went through the gate. Per the Officer's request, Plaintiff gave him his CTA card and driver's license. CTA agent Doe analyzed Plaintiff's fare card for transactional activity which proved Plaintiff had paid his fees.

Despite proof of Plaintiff's payment, plaintiff was arrested and then was transported to the 21st District, "where he was handcuffed to the wall by his right wrist." Plaintiff was released from police custody about two hours after his arrest. On August 4, 2000, after Plaintiff was forced to appear on "the spurious criminal charge initiated against him," the charge was disposed of in Plaintiff's favor by the Circuit Court of Cook County.

## DISCUSSION

"The purpose of a motion to dismiss is to test the sufficiently of the complaint, not to decide the merits." *Triad Assocs. v. Chicago Housing Authority*, 892 F. 2d 583, 586 (7th Cir. 1989), *cert. denied*, 498 U.S. 845 (1990). Therefore, "a complaint shall not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 46, 78 S. Ct. 99, 2 L. Ed. 2d 80, (1957). Moreover, when deciding a motion to dismiss under Rule 12(b)(6), the court must consider all allegations in the complaint in the light most favorable to the plaintiff, and take all well-pleaded facts as true. *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F. 2d 732, 733 (7th

Cir. 1986).

In his second amended complaint Plaintiff has sued CTA agent Doe in his or her individual capacity. In Count I of the Second Amended Complaint Plaintiff seeks relief under 42 U.S.C. § 1983 for false arrest in violation of Plaintiff's constitutional rights. Count II sets forth a supplemental state claim for false arrest against CTA Agent Doe. Counts III and IV are directed against the CTA. In Count III, Plaintiff alleges that the CTA is liable under the doctrine of *respondeat superior* for Agent Doe's involvement in his false arrest. Count IV is brought against the CTA under Illinois' Local Government and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 *et seq.*

The CTA first moves to dismiss the *respondeat superior* claim set forth in Count III on the basis that the CTA employee involved in the incident cannot be held liable for false arrest and that the CTA cannot be held for such employees actions under a *respondeat superior* theory. In Illinois, a private individual may be held liable for false arrest if the defendant goes beyond merely giving information and participates in making an arrest which turns out to be unlawful. *Butler v. Goldblatt Bros., Inc.*, 432 F. Supp. 1122, 1129 (N.D. Ill. 1977). However, what constitutes participation depends on the facts and circumstances of each case. *See id.* Merely giving information to the police is in itself insufficient to constitute participation in an arrest. *See Odorizzi v. A.O. Smith Corp.*, 452 F. 2d 229 (7th Cir. 1971). In contrast to malicious prosecutions claims, the Seventh Circuit and Illinois courts have held that giving false information to a police officer does not constitute "participating" in a false arrest. *See Butler v. Goldblatt Bros., Inc.*, 589 F. 2d 323, 326 (7th Cir. 1978); *Pease v. Int'l Union of Operating Engineers Local 150*, 208 Ill. App. 3d 863, 153 Ill. Dec. 656, 567 N.E. 2d 614, 618 (1991).

3

Thus, a defendant must go beyond providing the information leading to the arrest and actually request and obtain the arrest. *See Butler,* 432 F. Supp. at 1128.

In this case, for purposes of this motion to dismiss Plaintiff has alleged sufficient facts in support of his alleged false arrest claim against CTA Agent Doe. In paragraphs 17 and 18 Plaintiff states that Agent Doe analyzed his CTA card for transactional activity and despite the fact that Plaintiff's card showed that a fare was deducted jointly arrested Plaintiff. We must take these facts as true. There is a line of Illinois cases holding that where an officer relies solely on information provided by the defendant in making the arrest, the defendant may be held liable for false imprisonment. *Dutton v. Roo-Mac,* 100 Ill.App.3d.116,119, 55 Ill.Dec. 458, 426 N.E.2d at 607 (2nd Dist. 1981). The case generally cited as the source of the rule that liability can be imposed if one gives information solely relied upon by the police in making an arrest is *Odorizzi v. A.O. Smith Corp.,* 452 F.2d 229, 231 (7th Cir. 1971).

The primary Illinois case cited by *Odorizzi,* for the "sole source" rule is *Green v. No. 35 Check Exchange, Inc.,* 77 Ill.App.2d 25, 222 N.E.2d 133 (1996). In *Green,* the defendant business was held liable for false imprisonment when the police relied solely on what its employees said in arresting the plaintiff. *Green,* 77 Ill.App.2d at 31, 222 N.E 2d at 136. But it is important to note that, in *Green,* the defendant's employees clearly asked the police to arrest the plaintiff. *Green,* 77 Ill.App.2d at 31, 222 N.E.2d at 136. A suggestion of how to understand the sole source rule is contained in the recent case of *Schmidt v. City of Lockport,* 67 F.Supp. 2d 938 (N.D.Ill. 1999). This case holds that a defendant may be liable for false arrest even if he or she is not the arresting officer's sole source if information if the defendant goes beyond "providing information" and actually requests the arrest. *Schmidt,* 67 F.Supp.2d. at 946. This seems to

4

indicate that if a defendant is the sole source of information, a lesser degree of instigation may be necessary for liability, but if the defendant is not the sole source, an actual request or command is necessary.

The cases cited by *Odorizzi* show a rationale for this distinction of causation. Even if conduct that seems to encourage the arrest is shown, the plaintiff must also show that the defendant's conduct was a material factor in causing the officer to make the arrest in order to establish liability. *Standard Oil v. Davis,* 208 Ala.565, 567, 94 So. 754, 756 (1922). The more people a police officer interviews, the less likely it will be that a mere suggestion by the defendant could have caused the officer to make the arrest, or at least it will be more difficult to establish this. But if the officer talks only to the defendant, it is much more likely that a suggestion could be responsible for the arrest. The determination of whether a defendant's conduct constitutes an actual request that the plaintiff be arrested, encouragement for the plaintiff to be arrested or the mere giving of information must be made on a case-by-case basis (32 Am.Jur.2d *False Imprisonment* § 41 (1995)) and is a question of fact.

Because Plaintiff has set forth facts which could possibly indicate that the conduct of CTA Agent Doe could have been a material factor in his arrest the CTA's motion to dismiss as to their agent is denied. Only discovery will reveal the extent of the agent's involvement. Therefore, the motion to dismiss Agent Doe is denied.

However, Plaintiff has set forth no facts in his complaint to support a Section 1983 claim against the CTA itself. A governmental entity may not be held liable for the unlawful acts of its employees under 42 U.S.C. § 1983 solely on a theory of *respondeat superior. McNabola v. Chicago Transit Authority,* 10 F. 3d 501, 509 (7th Cir. 1993)(citing *Leatherman,* 507 U.S. 163,

5

113 S. Ct. 1160 (1993); *Monell v. Dep't of Social Services,* 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978). Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell,* 436 U.S. at 694, 98 S. Ct. at 240. A plaintiff bringing a § 1983 claim against a municipality must also show that the policy or custom proximately caused the alleged constitutional deprivation. *McNabola,* 10 F. 3d at 510 (citations omitted). Therefore, Count III of Plaintiff's complaint is dismissed without prejudice.

In Count IV of the Second Amended Complaint, Plaintiff seeks to assert a claim against the CTA under Illinois' Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 *et seq.* ("the Tort Immunity Act"). Courts that have considered whether the Tort Immunity Act applies to the CTA and have held that the Act specifically excludes the CTA. *See Slaughter v. Rock Island City Metro Mass. Trans.,* 275 Ill. App. 3d 873, 656 N.E. 2d 1118, 1119 (3d Dist. 1995); *Fujimura v. Chicago Transit Authority,* 67 Ill. 2d 506, 368 N.E. 2d 105 (1977); and *George v. Chicago Transit Authority,* 58 Ill. App. 3d 692, 374 N.E. 2d 679 (1st Dist. 1978). However, the CTA may be held liable under the Metropolitan Transit Authority Act, 70 ILCS 3605 et seq. This case was obviously filed within the six month notice period provided for in section 70 ILCS 3605/41.

## CONCLUSION

For the reasons set forth above Defendant CTA's motion to dismiss Defendant Doe is denied for the reasons set forth in this opinion. Defendant CTA's motion to dismiss Count III is granted without prejudice but denied as to Count IV. Plaintiff is to amend Count IV within

6

ten(10) days of the date of this Memorandum Opinion and Order. (#16-1). Defendant CTA's motion to dismiss filed on November 13, 2000 is hereby stricken as moot (#12-1). Defendant's request for attorneys' fees is denied.

SO ORDERED

ENTERED: 4/06/07

HON. RONALD A. GUZMAN
United States Judge